## Agatucci v. Bassegio

*Mahady & Mahady,* for plaintiffs.
*Leonard R. Reeves,* for defendant.

MIHALICH, *J.,* September 19, 1977 — Plaintiffs brought suit against defendant, Frank J. Bassegio, for personal injuries allegedly sustained by plaintiffs, Florence Agatucci and Dianne Agatucci. The injuries sustained are the result of an automobile accident which occurred on May 18, 1975. Defendant believed the accident was solely his fault and so informed his insurance carrier and counsel. Defendant's counsel then notified plaintiffs' counsel that defendant would admit liability, and the case would be tried on the issue of damages alone.

Plaintiffs were deposed on March 18, 1976. It was not until the later deposition of defendant, on May 21, 1976, that defendant's counsel learned that defendant's admission of fault was founded

upon his failure to grasp the legal significance of plaintiff-driver's action. Defendant testified at his deposition that he did strike plaintiffs' vehicle in the rear, but only after plaintiff, Florence Agatucci, had made a left-hand turn from the right, or slow, lane of the four-lane highway in front of defendant, who was in the left or fast lane attempting to pass plaintiffs' vehicle.

For the purpose of clarity, plaintiff, Florence Agatucci, will hereinafter be referred to as "co-plaintiff "; plaintiffs, Florence Agatucci, Dianne Agatucci and William Agatucci, collectively, as "plaintiffs"; and defendant, Frank J. Bassegio, as "defendant."

Defendant's attorney notified plaintiffs' attorney that in light of defendant's testimony, an order would be presented to the court requesting that a joinder of co-plaintiff, Florence Agatucci, be allowed even though 60 days had passed from the date of filing of the complaint. The order was opposed by plaintiffs' attorney; and, as a result, defendant filed, on June 11, 1976, his petition for leave to join the co-plaintiff as an additional defendant beyond 60 days after service of the complaint. In response to defendant's petition, plaintiffs filed an answer and a motion to strike the petition. It is upon defendant's petition and plaintiffs' answer and motion that this matter comes before this court for consideration.

The issue before this court is whether discovery of additional information, from one's own client, eight months after being served with a complaint is sufficient justification to permit a late joinder of the co-plaintiff as an additional defendant. The requirement that an additional defendant be joined no later than 60 days after the service upon the

original defendant of the initial pleading is set forth under Pa. R.C.P. 2253:

"Rule 2253. Time for Filing Praecipe or Complaint.

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

While the rule does not specify the causes for which an extension may be granted, defendant must allege some justification for the delay and facts showing the liability of the proposed additional defendant. Furthermore, the extension of time must not work an undue hardship on the additional defendant nor prejudice her substantive rights: 2 Standard Pa. Pract. 411 §93.

It appears to this court that defendant has submitted sufficient reasons for granting an extension to join the co-plaintiff, Florence Agatucci, as an additional defendant. Defendant did not relate to his insurance company or his attorney the detailed facts concerning the co-plaintiff's driving, because he believed that any rear-end impact is always the fault of the driver in the back. It was not until the defendant's deposition on May 21, 1976, that he related the complete story raising the contributory negligence on the part of the co-plaintiff. While perhaps counsel for the defendant could have pressed further his inquiry into obtaining the detailed and undisclosed facts, it would be unjust to preclude the extension requested in this matter. Defendant's admission of fault is consistent with

the public's often mistaken belief that a rear-end collision is always a clear case for recovery of damages.

Pa. R.C.P. 2253 was designed primarily for the protection of plaintiffs so that their cause of action would not be delayed by successive joinder of additional defendants: Bergstreser v. Stine, 47 D. & C. 2d 105 (1967). Defendant does not seek to delay plaintiffs' cause of action, but only to join one additional party, the co-plaintiff, Florence Agatucci. The granting of defendant's request only poses a de minimis delay in that the same issues and the same parties would be involved in the litigation. Any delay of significance occasioned is the result of plaintiffs' opposition to the petition for extension. The extension will not work an undue hardship on plaintiffs nor prejudice their substantive rights.

The court would further note that the 60-day time limit of Rule 2253 was not intended to apply to the joinder by an original defendant of a plaintiff. It applies only to the joinder of a new party not already of record: Wormick v. Taylor, 46 D. & C. 2d 793 (1969); Martin v. Hostetter, 12 Lebanon 441 (1969); Klowak v. Grimm, 5 Butler 159 (1969); Pellegrino v. Dorm, 60 D. & C. 2d 333 (1972); Penelec v. Knepper, 29 Somerset 328 (1973); Moorehouse v. MacIntyre, 93 Montg. 267 (1970).

The court recognizes the eight months' delay in the proposed joinder but finds sufficient cause shown to justify the delay. The court feels that it is in the interest of a just and speedy administration of justice to include the co-plaintiff, Florence Agatucci, as an additional defendant in the same trial with the other plaintiffs and defendant. The factual issues are not complicated and the same basic issues would have to be decided with or

without the joinder of the co-plaintiff. Rule 126 requires liberal construction to secure just, speedy and inexpensive determination: Oaslosky v. Maskus, 47 Westmoreland 269 (1965); Whitesell v. Bills, 51 Westmoreland 67 (1969); Gritzer v. Goldsworthy, 52 Westmoreland 261 (1970); Kahl v. Rehn, 42 Westmoreland 149 (1960).

A refusal to grant defendant's extension to join the co-plaintiff, Florence Agatucci, poses the eventuality of a separate trial of the defendant's claim of contribution from the co-plaintiff that would mean a complete retrial of the same action, which would be contrary to Rule 126: Bentz v. Swift, 82 York 180 (1968).

For the above-mentioned reasons, the court enters the following

## ORDER

And now, September 19, 1977, it is hereby ordered, adjudged and decreed that plaintiffs' motion to strike the petition for leave to join additional defendant beyond 60 days after service of complaint is dismissed; and defendant is hereby granted 30 days from the date of this order to join plaintiff, Florence Agatucci, as an additional defendant.